**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 116527

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**NEWARK DIVISION**

| | |
|---|---|
| Mi Y Lee, individually and on behalf of all others similarly situated, | Docket No: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | JURY TRIAL DEMANDED |
| Diversified Consultants Inc., | |
| Defendant. | |

Mi Y Lee, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Diversified Consultants Inc. (hereinafter referred to as "*Defendant*"), as follows:

## INTRODUCTION

1.     This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2.     This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.     Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.      At all relevant times, Defendant conducted business within the State of New Jersey.

## PARTIES

5.      Plaintiff Mi Y Lee is an individual who is a citizen of the State of New Jersey residing in Bergen County, New Jersey.

6.      Plaintiff is a natural person allegedly obligated to pay a debt.

7.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8.      On information and belief, Defendant Diversified Consultants Inc., is a Florida Corporation with a principal place of business in Duval County, Florida.

9.      Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10.     Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11.     The principal purpose of Defendant's business is the collection of such debts.

12.     Defendant uses the mails in its debt collection business.

13.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS SPECIFIC TO PLAINTIFF

14.     Defendant alleges Plaintiff owes a debt ("the alleged Debt").

15.     The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

16.     The alleged Debt does not arise from any business enterprise of Plaintiff.

17.     The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

18.     At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

19.     At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

2

20.     In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by letter ("the Letter") dated October 5, 2018. (A true and accurate copy is annexed hereto as **"Exhibit 1."**)

21.     The Letter conveyed information regarding the alleged Debt.

22.     The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

23.     The Letter was the initial written communication Plaintiff received from Defendant concerning the alleged Debt.

24.     The Letter was received and read by Plaintiff.

25.     15 U.S.C. § 1692g protects Plaintiff's concrete interests.  Plaintiff has the interest and right to receive a clear, accurate and unambiguous validation notice, which allows a consumer to confirm that he or she owes the debt sought to be collected by the debt collector.  As set forth herein, Defendant deprived Plaintiff of this right.

26.     15 U.S.C. § 1692e protects Plaintiff's concrete interests.  Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant.  As set forth herein, Defendant deprived Plaintiff of this right.

27.     The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

## FIRST COUNT
### Violation of 15 U.S.C. §§ 1692e and 1692e(10)

28.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

29.     15 U.S.C. §1692g(a)(3) requires to debt collector to: "Within five days after the initial communication with a consumer in connection with the collection of any debt . . . send the consumer a written notice containing — a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."

30.     In this Circuit, a dispute of a debt, to be effective, must be in writing. *See Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142 (3d Cir. 2013).

31.     The Letter states in part: "Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid."

32.     The Letter diverts the Plaintiff's attention to correspondence options, with an image of a telephone and in bolded text next to it states, "Toll Free: 877-848-1045".

33.     The Letter further diverts the consumer's attention to an image of a clock, listing hours of operation to contact Defendant.

34.     The Letter fails to state explicitly that a dispute to be effective, must be in writing and sent to the address listed below.

35.     The failure to provide a proper 15 U.S.C. §1692g(a)(3) notice is a violation of the FDCPA.

36.     A debt collector has the obligation not just to convey the 15 U.S.C. §1692g(a)(3) notice, but also to convey such clearly.

37.     Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

38.     The Letter fails to properly inform the least sophisticated consumer that to effectively dispute the alleged debt, such dispute must be in writing.

39.     The least sophisticated consumer upon reading the Letter would likely be confused as to what she must do to effectively dispute the alleged debt.

40.     The least sophisticated consumer upon reading the Letter would likely be unsure as to what she must do to effectively dispute the alleged debt.

41.     The Letter did not convey the 15 U.S.C. §1692g(a)(3) notice clearly from the perspective of the least sophisticated consumer.

42.     The Letter did not adequately set forth the 15 U.S.C. §1692g(a)(3) notice.

43.     The Letter, because of the aforementioned failures, violates 15 U.S.C. §1692g(a)(3). *See Cadillo v. Stoneleigh Recovery Assocs., LLC*, No. CV 17-7472-SDW-SCM, 2017 WL 6550486 (D.N.J. Dec. 21, 2017), *motion to certify appeal denied,* No. CV177472SDWSCM, 2018 WL 702890 (D.N.J. Feb. 2, 2018).

44.      15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

45.     While Section 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

46.     A collection letter violates 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

47.     A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

48.     15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

49.     The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

50.     The least sophisticated consumer upon reading the Letter would likely be misled into believing that if she wished to effectively dispute the Debt she may notify Defendant by calling the telephone numbers listed, or write to Defendant at the address listed.

51.     The least sophisticated consumer would likely be confused concerning whether, to dispute the debt, she may notify Defendant by calling the telephone numbers listed, or write to Defendant at the address listed.

52.     The least sophisticated consumer would likely be uncertain concerning whether, to dispute the debt, she may notify Defendant by calling the telephone numbers listed, or write to Defendant at the address listed.

53.     The least sophisticated consumer would likely be uncertain as to her rights.

54.     The least sophisticated consumer would likely be confused as to her rights.

55.     Because the Letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

56.     Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer, as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

57.     The least sophisticated consumer would likely be deceived by the Letter.

58.     The least sophisticated consumer would likely be deceived in a material way by the Letter.

59.     Defendant violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

60.      The Letter, because of the aforementioned failures, violates 15 U.S.C. § 1692e. *See Cadillo v. Stoneleigh Recovery Assocs., LLC*, No. CV 17-7472-SDW-SCM, 2017 WL 6550486 (D.N.J. Dec. 21, 2017), *motion to certify appeal denied,* No. CV177472SDWSCM, 2018 WL 702890 (D.N.J. Feb. 2, 2018).

### SECOND COUNT
### Violations of 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10)

61.      Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

62.      15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

63.      15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

64.      15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

65.      In order to be entitled to obtain verification of the debt or a copy of a judgment against the consumer, the consumer must dispute the debt in writing.

66.      15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

67.      In order to be entitled to obtain the name and address of the original creditor, if different from the current creditor, the consumer must request such in writing.

68.      A debt collector has the obligation not just to convey the 15 U.S.C. § 1692g required disclosures, but also to convey such clearly.

69.     Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

70.     Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

71.     15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

72.     A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

73.     The Letter contains multiple addresses for Defendant.

74.     The first address, located at the top, of the Letter is: PO BOX 1391 SOUTHGATE, MI 48195-0391.

75.     The second address, located at the bottom, of the Letter, is: PO BOX 551268 JACKSONVILLE, FL 32255-1268.

76.     In order to be entitled to obtain verification of the debt or a copy of a judgment against the consumer pursuant to 15 U.S.C. § 1692g(a)(4), the consumer must dispute the debt in writing.

77.     The Letter fails to instruct the consumer to which of the multiple addresses provided written disputes must be sent.

78.     As a result of the foregoing, the least sophisticated consumer would likely be confused as to which of the multiple addresses she should send her written dispute.

79.     As a result of the foregoing, the least sophisticated consumer would likely be uncertain as to which of the multiple addresses she should send her written dispute.

80.     Without clear direction as to where to mail her written dispute, the least sophisticated consumer would likely not dispute the debt at all.

81.     Without clear direction as to where to mail her written dispute, the least sophisticated consumer would likely not dispute the debt at all because she would be frightened of calling the collection agency where highly trained and aggressive debt collectors answer calls.

82.     As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to dispute the debt.

83.     In order to be entitled to obtain the name and address of the original creditor pursuant to 15 U.S.C. § 1692g(a)(5), the consumer must request such in writing.

84.     The Letter fails to instruct the consumer to which of the multiple addresses provided requests for the name of the original creditor must be sent.

85.     As a result of the foregoing, the least sophisticated consumer would likely be confused as to which of the multiple addresses she should send her request for the name of the original creditor.

86.     As a result of the foregoing, the least sophisticated consumer would likely be uncertain as to which of the multiple addresses she should send her request for the name of the original creditor.

87.     Without clear direction as to where to mail her request for the name of the original creditor, the least sophisticated consumer would likely not request this information at all.

88.     Without clear direction as to where to mail her request for the name of the original creditor, the least sophisticated consumer would likely not request this information at all because she would be frightened of calling the collection agency where highly trained and aggressive debt collectors answer calls.

89.     As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to request for the name of the original creditor.

90.     As a result of the foregoing, the multiple addresses would likely make the least sophisticated consumer confused as to her rights.

91.     As a result of the foregoing, the multiple addresses would likely make the least sophisticated consumer uncertain as to her rights.

92.     Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses overshadow the disclosure of the consumer's right to dispute the debt provided by 15 U.S.C. § 1692g(a)(3).

93.     Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses overshadow the disclosure of the consumer's right to receive verification of the debt or a copy of a judgment against the consumer provided by 15 U.S.C. § 1692g(a)(4).

94.     Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses overshadow the disclosure of the consumer's right to request the name and address of the original creditor provided by 15 U.S.C. § 1692g(a)(5).

95.     Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses are inconsistent with the disclosure of the consumer's right to dispute the alleged Debt provided by 15 U.S.C. § 1692g(a)(3).

96.     Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses are inconsistent with the disclosure of the consumer's right to receive verification of the debt or a copy of a judgment against the consumer provided by 15 U.S.C. § 1692g(a)(4).

97.     Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses are inconsistent with the disclosure of the consumer's right to request the name and address of the original creditor provided by 15 U.S.C. § 1692g(a)(5).

98.     15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

99.     15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

100.    A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e.  *Clomon*, 988 F.2d at 1318.

101.    A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate. *Clomon*, 988 F.2d at 1319.

102.    A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.  *DeSantis*, 269 F.3d at 161.

103.    The least sophisticated consumer could read the Letter and be reasonably confused as to which of the multiple addresses provided she must send her written dispute.

104.    The least sophisticated consumer could read the Letter and be uncertain as to which of the multiple addresses provided she must send her written dispute.

105.    The least sophisticated consumer could reasonably interpret the Letter to mean that she could send her written dispute to any of the multiple addresses provided.

106.    As a result of the foregoing, the Letter, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation concerning where the consumer must send her written dispute, at least one of which is inaccurate.

107.    As a result of the foregoing, the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer as to where the consumer must send her written dispute.

108.    Because the Letter is open to more than one reasonable interpretation in this regard, it violates 15 U.S.C. §§ 1692e and 1692e(10).

109.    The least sophisticated consumer could read the Letter and be reasonably confused as to which of the multiple addresses provided she must send her request for the name and address of the original creditor.

110.    The least sophisticated consumer could read the Letter and be uncertain as to which of the multiple addresses provided she must send her request for the name and address of the original creditor.

111.    The least sophisticated consumer could reasonably interpret the Letter to mean that she could send her request for the name and address of the original creditor to any of the multiple addresses provided.

112.    As a result of the foregoing, the Letter, in the eyes of the least sophisticated consumer, is open to more than one reasonable interpretation concerning where the consumer must send her send her request for the name and address of the original creditor.

113.    As a result of the foregoing, the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer as to where the consumer must send her request for the name and address of the original creditor.

114.    Because the Letter is open to more than one reasonable interpretation in this regard, it violates 15 U.S.C. §§ 1692e and 1692e(10).

115.    For all of the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10) and is liable to Plaintiff therefor.

## THIRD COUNT
### Violation of 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10)

116.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

117.    15 U.S.C. § 1692g(a) provides that within five days after the initial

10

communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

118.    15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

119.    15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

120.    15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

121.    15 U.S.C. § 1692g(b) provides, "Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

122.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other language in the communication.

123.    A communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

124.    A collection letter overshadows the validation notice if it is formatted in a manner such that the validation notice is visibly inconspicuous.

125.    A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

126.    A debt collector has the obligation, not just to convey the required information, but also to convey such effectively.

127.    A debt collector has the obligation, not just to convey the required information, but also to convey such clearly, so that the least sophisticated consumer will not be uncertain as

11

to her rights.

128.    A debt collector has the obligation, not just to convey the required information, but also to convey such effectively, so that the least sophisticated consumer will not be uncertain as to her rights.

129.    The Letter buries the required validation notice within its text.

130.    The required validation notice is contained in running text within the body of the Letter, in the same font size and color as the rest of the body of the Letter.

131.    The required validation notice, relative to other language in the Letter, is visually inconspicuous.

132.    The required validation notice cannot be readily discerned from the rest of the language in the Letter.

133.    The Letter contains no visually conspicuous transitionary language, such as "See Important Notice Below," directing Plaintiff's attention to the required validation notice.

134.    The Letter does not otherwise direct the consumer's attention to the required validation notice in any way.

135.    The manner in which the Letter is formatted would likely make the least sophisticated consumer uncertain as to his rights.

136.    The manner in which the Letter is formatted would likely make the least sophisticated consumer confused as to his rights.

137.    The manner in which the Letter is formatted would likely make the least sophisticated consumer overlook his rights.

138.    The Letter is structured in such a way that it makes Plaintiff's validation rights difficult to read and easy to overlook.

139.    The Letter is structured in such a way that it makes Plaintiff's validation rights appear as boilerplate language.

140.    The Letter is structured in such a way that it makes Plaintiff's validation rights appear unimportant.

141.    The Letter is structured in such a way that it discourages Plaintiff from reading his validation rights.

142.    As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising his right to dispute the alleged Debt.

143.    As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising his right to request validation of the alleged Debt.

144.    The format of the Letter overshadows the consumer's right to dispute the debt, in violation of 15 U.S.C. § 1692g(b).

145.    The format of the Letter overshadows the consumer's right to demand verification of the debt, in violation of 15 U.S.C. § 1692g(b).

146.    The format of the Letter overshadows of the consumer's right to request the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(b).

147.    The format of the Letter is inconsistent with the consumer's right to dispute the debt, in violation of 15 U.S.C. § 1692g(b).

148.    The format of the Letter is inconsistent with the consumer's right to demand verification of the debt, in violation of 15 U.S.C. § 1692g(b).

149.    The format of the Letter is inconsistent with the consumer's right to request the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(b).

150.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

151.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

152.    A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e.  *Clomon*, 988 F.2d at 1318.

153.    A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate. *Clomon*, 988 F.2d at 1319.

154.    A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.  *DeSantis*, 269 F.3d at 161.

155.    Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer it violates 15 U.S.C. § 1692e.

156.    For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10) and is liable to Plaintiff therefor.

**CLASS ALLEGATIONS**

157.    Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New Jersey.

158.    Plaintiff seeks to certify a class of:

> All consumers to whom Defendant sent a collection letter substantially and materially similar to the Letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.

159.    This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

160.    The Class consists of more than thirty-five persons.

161.    Plaintiff's claims are typical of the claims of the Class.  Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

162.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

163.    Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

**JURY DEMAND**

164.    Plaintiff hereby demands a trial of this action by jury.

14

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered:

    a.   Certifying this action as a class action; and

    b.   Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;

    c.   Finding Defendant's actions violate the FDCPA; and

    d.   Granting damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    e.   Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f.   Granting Plaintiff's costs; all together with

    g.   Such other relief that the Court determines is just and proper.

DATED: September 30, 2019

**BARSHAY SANDERS, PLLC**

By: _/s/ *Craig B. Sanders*
Craig B. Sanders, Esquire
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 116527

15